**MICHAEL R. BROOKS, ESQ. (SBN NO. 167315)**
KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada  89145
Telephone:  (702) 362-7800
Facsimile:  (702) 362-9472
E-Mail:mbrooks@klnevada.com

*Attorneys for Defendants*
*BRENT POURCIAU and TOP VELOCITY, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

* * *

MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION,

                              Plaintiff,

          vs.

BRENT POURCIAU and TOP VELOCITY, LLC,

                              Defendants.

CASE NO. 4:19-cv-04912-YGR

**STIPULATED PROTECTIVE ORDER**

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this

**STIPULATED PROTECTIVE ORDER**
Page 1 of 13

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     "CONFIDENTIAL" MATERIAL

"Confidential" material, which may in appropriate circumstances may include "Attorneys' Eyes' Only" material, shall include the following documents and tangible things produced or otherwise exchanged: proprietary and trade secret information concerning pitching techniques, training methodology, and business operations, financial and tax records, licensing agreements, third-party contracts, private personal information of current and former clients and athletes, and other confidential material as shall so be designated.

3.     SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this agreement, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party. Any use of confidential material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect unless agreed upon otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and

**STIPULATED PROTECTIVE ORDER**

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

1  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time

2  limits for filing any motions or applications for extension of time pursuant to applicable law.

3        5.    <u>DESIGNATING PROTECTED MATERIAL</u>

4        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party

5  or non-party that designates information or items for protection under this agreement must take

6  care to limit any such designation to specific material that qualifies under the appropriate

7  standards. The designating party must designate for protection only those parts of material,

8  documents, items, or oral or written communications that qualify – so that other portions of the

9  material, documents, items, or communications for which protection is not warranted are not swept

10  unjustifiably within the ambit of this agreement.

11        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

12  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

13  unnecessarily encumber or delay the case development process or to impose unnecessary expenses

14  and burdens on other parties) expose the designating party to sanctions.

15        If it comes to a designating party's attention that information or items that it designated for

16  protection do not qualify for protection, the designating party must promptly notify all other parties

17  that it is withdrawing the mistaken designation.

18        5.2    Manner and Timing of Designations. Except as otherwise provided in this

19  agreement (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

20  ordered, disclosure or discovery material that qualifies for protection under this agreement must

21  be clearly so designated before or when the material is disclosed or produced.

22        Designation in conformity with this agreement requires:

23        (a)    for information in documentary form: (*e.g.*, paper or electronic documents and

24  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

25  the designating party must affix the word "CONFIDENTIAL" to each page that contains

26  confidential material. If only a portion or portions of the material on a page qualifies for protection,

27  the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

28  markings in the margins).

**STIPULATED PROTECTIVE ORDER**

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

(b)     for testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     for other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

**STIPULATED PROTECTIVE ORDER**

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a designating party to file such discovery dispute letter within the applicable 21- or 14-day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

**STIPULATED PROTECTIVE ORDER**

1    The burden of persuasion in any such challenge proceeding shall be on the designating

2    party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

3    unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.

4    Unless the designating party has waived the confidentiality designation by failing to file a letter

5    brief to retain confidentiality as described above, all parties shall continue to afford the material in

6    question the level of protection to which it is entitled under the producing party's designation until

7    the court rules on the challenge.

8        7.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

9        7.1    Basic Principles. A receiving party may use confidential material that is disclosed

10   or produced by another party or by a non-party in connection with this case only for prosecuting,

11   defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

12   categories of persons and under the conditions described in this agreement. Confidential material

13   must be stored and maintained by a receiving party at a location and in a secure manner that ensures

14   that access is limited to the persons authorized under this agreement.

15       7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

16   by the court or permitted in writing by the designating party, a receiving party may disclose any

17   confidential material only to:

18       (a)    the receiving party's counsel of record in this action, as well as employees of

19   counsel to whom it is reasonably necessary to disclose the information for this litigation;

20       (b)    the officers, directors, and employees (including in house counsel) of the receiving

21   party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a

22   particular document or material produced is for Attorney's Eyes Only and is so designated, in

23   which case the document or material may only be disclosed to the receiving party's attorneys;

24       (c)    experts and consultants to whom disclosure is reasonably necessary for this

25   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26       (d)    the court, court personnel, and court reporters and their staff;

27       (e)    copy or imaging services retained by counsel to assist in the duplication of

28   confidential material, provided that counsel for the party retaining the copy or imaging service

**KOLESAR & LEATHAM**
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

**STIPULATED PROTECTIVE ORDER**

1   instructs the service not to disclose any confidential material to third parties and to immediately

2   return all originals and copies of any confidential material;

3        (f)    during their depositions, witnesses in the action to whom disclosure is reasonably

4   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

5   unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed

6   deposition testimony or exhibits to depositions that reveal confidential material must be separately

7   bound by the court reporter and may not be disclosed to anyone except as permitted under this

8   agreement;

9        (g)    the author or recipient of a document containing the information or a custodian or

10  other person who otherwise possessed or knew the information.

11       8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

12  OTHER LITIGATION

13       If a party is served with a subpoena or a court order issued in other litigation that compels

14  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

15  "ATTORNEYS' EYES' ONLY," that party must:

16       (a)    promptly notify the designating party in writing and include a copy of the subpoena

17  or court order;

18       (b)    promptly notify in writing the party who caused the subpoena or order to issue in

19  the other litigation that some or all of the material covered by the subpoena or order is subject to

20  this agreement. Such notification shall include a copy of this agreement; and

21       (c)    cooperate with respect to all reasonable procedures sought to be pursued by the

22  designating party whose confidential material may be affected.

23       If the designating party timely seeks a protective order, the Party served with the subpoena

24  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

25  before a determination by the court from which the subpoena or order issued, unless the party has

26  obtained the designating party's permission. The designating party shall bear the burden and

27  expense of seeking protection in that court of its confidential material – and nothing in these

28

**STIPULATED PROTECTIVE ORDER**

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

1     provisions should be construed as authorizing or encouraging a receiving party in this action to

2     disobey a lawful directive from another court.

3          9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN

4     THIS LITIGATION

5          (a) The terms of this agreement are applicable to information produced by a non-party in

6     this action and designated as "CONFIDENTIAL." Such information produced by non-parties in

7     connection with this litigation is protected by the remedies and relief provided by this a. Nothing

8     in these provisions should be construed as prohibiting a non-party from seeking additional

9     protections.

10          (b) In the event that a party is required, by a valid discovery request, to produce a non-

11     party's confidential information in its possession, and the Party is subject to an agreement with the

12     non-party not to produce the non-party's confidential information, then the party shall:

13          (1) promptly notify in writing the requesting party and the non-party that some or

14     all of the information requested is subject to a confidentiality agreement with a non-party;

15          (2) promptly provide the non-party with a copy of the Stipulated Protective Order

16     in this litigation, the relevant discovery request(s), and a reasonably specific description of

17     the information requested; and

18          (3) make the information requested available for inspection by the non-party.

19          (c) If the non-party fails to object or seek a protective order from this court within 14 days

20     of receiving the notice and accompanying information, the receiving party may produce the non-

21     party's confidential information responsive to the discovery request. If the non-party timely seeks

22     a protective order, the receiving party shall not produce any information in its possession or control

23     that is subject to the confidentiality agreement with the non-party before a determination by the

24     court. Absent a court order to the contrary, the non-party shall bear the burden and expense of

25     seeking protection in this court of its confidential material.

26          10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

27          If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

28     material to any person or in any circumstance not authorized under this agreement, the receiving

**STIPULATED PROTECTIVE ORDER**

1  party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

2  (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

3  person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

4  and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

5  Bound" that is attached hereto as Exhibit A.

6      11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

7  PROTECTED MATERIAL

8          When a producing party gives notice to receiving parties that certain inadvertently

9  produced material is subject to a claim of privilege or other protection, the obligations of the

10  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

11  is not intended to modify whatever procedure may be established in an e-discovery order or

12  agreement that provides for production without prior privilege review. Pursuant to Federal Rule of

13  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

14  communication or information covered by the attorney-client privilege or work product protection,

15  the parties may incorporate their agreement in the stipulated protective order submitted to the

16  court.

17      11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

18  PROTECTED MATERIAL

19          When a producing party gives notice to receiving parties that certain inadvertently

20  produced material is subject to a claim of privilege or other protection, the obligations of the

21  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

22  is not intended to modify whatever procedure may be established in an e-discovery order that

23  provides for production without prior privilege review. Pursuant to Federal Rule of Evidence

24  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

25  communication or information covered by the attorney-client privilege or work product protection,

26  the parties may incorporate their agreement in the stipulated protective order submitted to the

27  court.

28  //

**STIPULATED PROTECTIVE ORDER**

1    12.    <u>MISCELLANEOUS</u>

2    12.1    Right to Further Relief. Nothing in this agreement abridges the right of any person

3    to seek its modification by the court in the future.

4    12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

5    no party waives any right it otherwise would have to object to disclosing or producing any

6    information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

7    party waives any right to object on any ground to use in evidence of any of the material covered

8    by this Protective Order.

9    12.3    Filing Protected Material. Without written permission from the designating party

10   or a court order secured after appropriate notice to all interested persons, a party may not file in

11   the public record in this action any confidential material. A party that seeks to file under seal any

12   confidential material must comply with Civil Local Rule 79-5. Confidential material may only be

13   filed under seal pursuant to a court order authorizing the sealing of the specific confidential

14   material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

15   establishing that the confidential material at issue is privileged, protectable as a trade secret, or

16   otherwise entitled to protection under the law. If a receiving party's request to file confidential

17   material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the receiving

18   party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless

19   otherwise instructed by the court.

20   13.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

21   Within 60 days after the termination of this action, including all appeals, each receiving

22   party must return all confidential material to the producing party, including all copies, extracts and

23   summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

24   Notwithstanding this provision, counsel are entitled to retain one archival copy of all

25   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

26   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

27   product, even if such materials contain confidential material.

28

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

**STIPULATED PROTECTIVE ORDER**

Protective Order.12.6.19 821a version MRB-MR (10832-1)

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  December 9, 2019        */s/MICHAEL R. BROOKS*_____
                                Attorneys for Plaintiff

DATED:  December 9, 2019        ____*/s/ Michael Rubin*_____
                                Attorneys for Defendants

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

**STIPULATED PROTECTIVE ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED:_____

_____
Judge Yvonne Gonzalez-Rogers
United States District Court Judge

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

**STIPULATED PROTECTIVE ORDER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
TEL: (702) 362-7800 / FAX: (702) 362-9472

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [INSERT DATE] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**STIPULATED PROTECTIVE ORDER**